FILED

UNITED STATES DISTRICT COURT 013 MAR 18 PH 3: 46
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THE UNIVERSITY OF CENTRAL
FLORIDA BOARD OF TRUSTEES, on
behalf of the University of Central
Florida,

      Plaintiff,

      vs.

GOLDEN SWORD INVESTMENTS
CORP d/b/a PATS LIQUOR LEAF &
WINE d/b/a PAT'S LIQUOR d/b/a
PAT'S LIQUOR - YOUR OFFICIAL UCF
LIQUOR STORE; and KIRTI PATEL,

      Defendants.

_____/

Case No. 6:13-CV-_437_-ORL-28KRS

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, AND DEMAND FOR JURY TRIAL

Plaintiff THE UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ("UCF BOT" or "Plaintiff"), hereby sues Defendant GOLDEN SWORD INVESTMENTS CORP d/b/a PAT'S LIQUOR STORE d/b/a "PAT'S LIQUOR - YOUR OFFICIAL UCF LIQUOR STORE," (hereinafter "PAT'S"), and KIRTI PATEL (hereinafter "PATEL"), and for its causes of action alleges as follows:

## I. NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action against Defendants for: i) federal trademark dilution by tarnishment in violation of 15 U.S.C. § 1125(c); ii) federal trademark dilution by blurring in violation of 15 U.S.C. § 1125(c); iii) false and misleading

representations in violation of 15 U.S.C. § 1125(a); iv) violations of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204; and v) misleading advertising in violation of Fla. Stat. § 817.41.

2.    The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

3.    The Court has personal jurisdiction over Defendants because they conduct business in this District; they operate a commercial, interactive website that is displayed and accessible by persons in this District; and their tortious conduct is causing harm to the Plaintiff in this District and elsewhere.

4.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendants solicit and engage in business within this District and their tortious conduct occurred in this District and is causing harm to the Plaintiff in this District and elsewhere.

## II. FACTS

### A. UCF BOT

5.    UCF BOT is a constitutional entity vested with the power and authority to administer the University of Central Florida, (hereinafter, "UCF" or "University"), pursuant to, *inter alia*, Art. IX, § 7(b) and (c), *Fla. Const.* and Fla. Stat. §§ 1000.21(6)(g), 1001.71 and 1001.72.

6.    Further, the UCF BOT is a "public body corporate" with "all the powers of a body corporate, including the power . . . to sue and be sued, [and] to plead

and be impleaded in all courts of law or equity" on behalf of the University.

Fla. Stat. § 1001.72(1).

7.    UCF's nickname is the "UCF Knights," and its University Seal prominently features Pegasus, the winged horse of Greek Mythology.

8.    The term "UCF" is well and widely known throughout the United States and commonly understood as representing and referring to the University of Central Florida.

9.    UCF's main campus spans 1,415 acres in Orlando, Florida, and UCF operates eight (8) additional regional campuses located across Central Florida.

10.   UCF's "mission statement" is as follows:

> The University of Central Florida is a public multi-campus, metropolitan research university that stands for opportunity.  The university anchors the Central Florida city-state in meeting its economic, cultural, intellectual, environmental, and societal needs by providing high-quality, broad-based education and experienced-based learning; pioneering scholarship and impactful research; enriched student development and leadership growth; and highly relevant continuing education and public service initiatives that address pressing <u>local, state, national, and international issues in support of the global community</u>. (emphasis added).

11.   UCF is classified by "The Carnegie Foundation for the Advancement of Teaching" as a research university with "very high research activity," and seventy-five percent (75%) of its 1,959 teaching faculty and adjuncts hold doctorate degrees.

12. UCF has spent millions of dollars over the years on promotional advertisements for the UCF brand.

13. UCF enrolled its first class of 1,948 students in the year 1968, and as of the year 2012, UCF has awarded 235,407 bachelors, masters, specialists and doctoral degrees.

14. UCF's student body originates from 50 states and 145 countries, and its students participate in study abroad programs and conduct research in 37 programs in 18 countries across the world.

15. UCF currently enrolls 59,785 students pursuing 212 degree programs offered by its Colleges of Arts & Humanities, Business Administration, Education, Engineering & Computer Science, Graduate Studies, Health & Public Affairs, Honors, Hospitality Management, Medicine, Nursing, Optics & Photonics, and Sciences.

16. UCF is the largest university in the State of Florida by student enrollment, and second largest in the entire United States by student enrollment.

17. UCF's incoming freshman class for the 2012-13 academic year has an average SAT score of 1244 and a high school grade-point average of 3.9, and UCF's Burnett Honors College incoming class has an average SAT score of 1390 and a 4.3 grade-point average.

18. The UCF Knights compete nationally in the intercollegiate men's sports of baseball, basketball, football, golf, soccer and tennis, as well as the

women's sports of basketball, cross country, golf, rowing, soccer, softball, tennis, track and field, and volleyball.

19. UCF is a member institution of the National Collegiate Athletics Association's Division I Football Bowl Subdivision, is presently a member of Conference USA, and will join the Big East Conference as of July 1, 2013.

20. Nike, Inc. is the official supplier of UCF Knights' athletic footwear, apparel and equipment, and outfits all of UCF's student-athletes and coaches.

21. The UCF Knights football team won the 2005, 2007, 2010 and 2012 Conference USA Eastern Division Championship, the 2007 and 2010 Conference USA Championship, and has appeared in post-season bowl games in 2005, 2007, 2009, 2010, and 2012.

22. In 2007, UCF opened its 10,000-seat UCF Arena and 45,000-seat football stadium known as the "Bright House Networks Stadium," and more than 11,000 students live in on-campus residence halls and affiliated apartments.

23. UCF and its affiliates have a substantial presence on the internet by and through the operation and publication of numerous webpages, such as:

    A. www.ucf.edu;

    B. www.ucffoundation.org;

    C. www.research.ucf.edu;

    D. www.fsec.ucf.edu;

    E. www.wucftv.org;

    F. www.ucfathletics.com;

    G. www.ucfgoldenknightsclub.com; and

H. www.ucfarena.com.

24. Furthermore, UCF offers over two dozen totally Web-based degree, degree-completion, and certificate programs, and hundreds of individual Web-based courses through its Web-based program known as "Online@UCF."

25. Standard Google® and Bing® internet searches on the term "UCF" display the University of Central Florida's main website as the top result, and the remaining results on the front page all relate to UCF.   True and correct copies of these search results are attached hereto as Exhibits "A" and "B."

26. Plaintiff extensively uses, markets and promotes "UCF" as a trademark, service mark and identifier of goods and services originating from Plaintiff, or approved, licensed, sponsored or endorsed by Plaintiff.

27. Plaintiff owns the USPTO trademark registrations listed and summarized in Exhibit "C," and copies of these registrations are incorporated herein by reference, (hereinafter collectively referred to as the "UCF Marks").

28. The UCF Marks serve as a powerful and famous indicator of goods and services provided by or otherwise affiliated with Plaintiff, and Plaintiff developed and protected its trademark rights in the UCF Marks long before the subject activities of PAT'S occurred.

29. Due to the state, national, and global recognition of the University's various academic, research and athletics programs, as well as its alumni, the UCF Marks have achieved significant fame and public recognition.

30. Due to the widespread use of "UCF" in connection with Plaintiff, the UCF Marks are a strong source identifier of goods and services offered by, affiliated with, associated with, or approved, licensed or endorsed by Plaintiff.

31. Plaintiff licenses the UCF Marks through its licensing agent, The Collegiate Licensing Company ("CLC"), which is a leading collegiate licensing and marketing representative.  CLC assists collegiate licensors in protecting and controlling the use of their logos and marks through trademark licensing. CLC represents more than 190 universities, bowl games and conferences, including the University of Central Florida.

32. As of March 2013, CLC has sub-licensed the UCF Marks to more than 300 sub-licensees, and Plaintiff derives substantial revenue therefrom.

33. Neither Plaintiff nor CLC have licensed, sub-licensed or otherwise granted any rights to PAT'S for the use of any of the UCF Marks, or for the use of "UCF" in connection with PAT'S business.

## B.  DEFENDANTS

34. PAT'S is a private "for profit" Florida corporation that owns and operates a liquor store located at 4250 Alafaya Trail #220, Orlando, Florida 32765, which is less than one (1) mile away from the University of Central Florida's main campus.

35. At all material times, PATEL has served as an officer and director of PAT'S with knowledge of the activities of PAT'S at issue in this action.

36. PAT'S also operates the internet website located at www.ucfliquorstore.com, true and correct excerpts of which are attached hereto as Composite Exhibit "D."

37. A true and correct copy of PAT'S domain name registration for www.ucfliquorstore.com is attached hereto as Exhibit "E."

38. PAT'S uses the UCF Marks on the www.ucfliquorstore.com web site to market and promote PAT'S and its goods and services to consumers and potential consumers, including by and through representations and statements such as:

   A. "Pat's Liquor – Your Official UCF Liquor Store";

   B. "UCF Liquor Store";

   C. "Pool Party – Pat's Liquor – UCF Liquor Store";

   D. A blog section with articles entitled "UCF Liquor Store preparing for Orlando All Star Weekend" and "UCF Tailgating and Football Game"; and

   E. An advertisement for beers kegs on sale at "Your UCF Liquor Store!"

39. Neither Plaintiff nor CLC have licensed, sub-licensed or otherwise granted any rights to PAT'S for use of the UCF Marks in the domain name www.ucfliquorstore.com or on the content pages thereof.

40. PAT'S also operates the internet website located at www.facebook.com/patsliquorucf, which is identified on its profile page as "Pat's Liquor UCF," a true and correct copy of which is attached hereto as Exhibit "F."

41. PAT'S uses the UCF Marks on PAT'S www.facebook.com/patsliquorucf web site to market and promote PAT'S business, goods and services to consumers and potential consumers.

42. For example, PAT'S Facebook profile includes a photo album entitled "Pat's Liquor UCF presents Ron Jeremy Meet and Greet 2011" which includes over 100 pictures tagged with "Pat's Liquor UCF" and includes photos of a pornographic film actor and actresses.  A true and correct copy of PAT'S Facebook photo album is attached hereto as Exhibit "G."

43. Neither Plaintiff nor CLC have licensed, sub-licensed or otherwise granted any rights to PAT'S for use of the UCF Marks in the domain name www.facebook.com/patsliquorucf or on the content pages thereof.

44. Persons and consumers visiting PAT'S subject web sites are likely to associate and attribute the goods, services and behavior contained therein to the University.

45. The strong likelihood of confusion, mistake and deception engendered by PAT'S unauthorized uses of the UCF Marks is causing substantial and irreparable embarrassment, annoyance, prejudice and harm to the University of Central Florida's good name and reputation, and will continue doing so until such actions are enjoined by the Court.

## C. Plaintiff's Cease and Desist Letters

46. By letters dated October 24, 2012, and November 16, 2012, Plaintiff provided PAT'S with written notice of its unauthorized uses of the UCF

Marks and directed PAT'S to immediately cease and desist such conduct. True and correct copies of Plaintiff's letters are attached hereto as Exhibits "H" and "I," (hereinafter "Cease and Desist Letters").

47. To date, PAT'S has failed and refused to respond to Plaintiff's Cease and Desist Letters, and instead has ignored those letters and willfully continued its unauthorized uses of the UCF Marks.

48. PAT'S and PATEL have willfully, intentionally and maliciously adopted, caused to be adopted or contributed to the imitations of, depictions of, and references to the UCF Marks at issue in this action.

49. Plaintiff has no adequate remedy at law to cure the substantial and irreparable harm being caused by PAT'S unauthorized uses and tarnishment of the UCF Marks.

## D. General Allegations

50. All Exhibits attached hereto are authentic copies and are incorporated herein by reference.

51. All transactions, occurrences, actions and inactions referenced herein occurred on or around the specified dates.

52. Any and all conditions precedent to Plaintiff's claims alleged herein have been satisfied, waived or excused.

53. Plaintiff has retained the law firm of GrayRobinson, P.A. to represent Plaintiff in this action and is obligated to pay for its law firm's work.

## III. CAUSES OF ACTION

### *COUNT I – FEDERAL TRADEMARK DILUTION BY TARNISHMENT*

54. Plaintiff realleges paragraphs 1 through 53, *supra*.

55. This is a claim against PAT'S for dilution by tarnishment of Plaintiff's famous UCF Marks arising under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

56. Plaintiff does not need to show actual or likely confusion, the presence of competition, actual dilution, or actual economic injury resulting from the actions of PAT'S; instead, Plaintiff need only show a likelihood of dilution of the UCF Marks.

57. The UCF Marks are famous, and PAT'S began using the UCF Marks after such fame was attained.

58. PAT'S commercial uses of the UCF Marks have caused dilution..

59. PAT'S unauthorized uses of the UCF Marks is willfully intended to trade on the University of Central Florida's reputation and good name and is causing dilution of the famous UCF Marks.

60. PAT'S intended to create a false association between PAT'S liquor store and its goods and services and the University of Central Florida by and through PAT'S uses of the UCF Marks. The content of PAT'S domain names, websites and advertisements create an actual, unwanted and unwholesome association between PAT'S business, goods and services and the University of Central Florida.

61.  PAT'S unauthorized uses of the UCF Marks in connection with PAT'S liquor store business unlawfully dilute and tarnish the desirable separation between Plaintiff's famous UCF Marks and PAT'S business, goods and services.

62.  PAT'S unauthorized uses of the UCF Marks in connection with PAT'S liquor store business create a false association that is likely to harm the reputation of the UCF Marks.

63.  PAT'S unauthorized uses of the UCF Marks and false representations of affiliation, sponsorship, approval or endorsement have caused substantial irreparable harm and damage to Plaintiff .

64.  Plaintiff lacks an adequate remedy at law to cure PAT'S past, present and future dilution by blurring of the UCF Marks.

### COUNT II – FEDERAL TRADEMARK DILUTION BY BLURRING

65.  Plaintiff realleges paragraphs 1 through 53, and 56 through 63, *supra*.

66.  This is a claim against PAT'S for trademark dilution by blurring of the famous UCF Marks arising under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

67.  PAT'S unauthorized uses of the UCF Marks in connection with PAT'S liquor store business unlawfully dilutes and blurs the desirable separation between Plaintiff's famous UCF Marks and PAT'S, business, goods and services.

68. PAT'S unauthorized uses of the UCF Marks in connection with PAT'S liquor store business create a false association that is likely to impair the distinctiveness of the UCF Marks.

69. PAT'S unauthorized uses of the UCF Marks and false representations of affiliation, sponsorship, approval or endorsement have caused substantial irreparable harm and damage to Plaintiff .

70. Plaintiff lacks an adequate remedy at law to cure PAT'S past, present and future dilution by blurring of the UCF Marks.

## COUNT III – FEDERAL TRADEMARK
## MISLEADING REPRESENTATION OF FACT

71. Plaintiff realleges paragraphs 1 through 53, *supra.*

72. This is a claim against PAT'S for misleading representation of fact regarding the famous UCF Marks arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73. PAT'S unauthorized uses of the UCF Marks are willfully intended to trade on the University of Central Florida's reputation and good name by falsely representing that the University of Central Florida sponsors, endorses or otherwise approves PAT'S liquor business and associated goods and services.

74. PAT'S unauthorized uses of the UCF Marks and misrepresentations are likely to cause confusion as to whether the University of Central Florida  in fact sponsors, endorses or otherwise approves PAT'S liquor business and associated goods and services.

75. PAT'S unauthorized uses of the UCF Marks and false representations of affiliation, sponsorship, approval or endorsement have caused substantial irreparable harm and damage to UCF BOT and the UCF Marks.

76. Plaintiff lacks an adequate remedy at law to cure the past, present and future harm and damage being caused by PAT'S unauthorized uses of the UCF Marks.

### COUNT IV – UNFAIR AND DECEPTIVE TRADE PRACTICES

77. UCF BOT realleges paragraphs 1 through 53, 55 through 64, 66 through 70, and 72 through 76, *supra*.

78. This is a claim against PAT'S for a violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204, which prohibits unfair or deceptive acts or practices in the conduct of trade or commerce.

79. A violation of the federal Lanham Act constitutes a *per se* violation of Fla. Stat. § 501.204.

80. PAT'S is engaged in trade or commerce within the scope of Fla. Stat. § 501.203.

81. PAT'S unauthorized uses of the UCF Marks are willfully intended to trade on the University of Central Florida's reputation and good name by falsely representing to consumers and potential consumers that the University of Central Florida sponsors, approves or otherwise endorses PAT'S liquor store business and associated goods and services.

82. PAT'S unauthorized uses of the UCF Marks in connection with PAT'S material misrepresentations are likely to cause confusion as to whether the University of Central Florida does in fact sponsor, approve or endorse PAT'S liquor store and associated goods and services, or whether the University is the source of PAT'S goods and services.

83. PAT'S uses of the UCF Marks in connection with PAT'S commercial activities constitute unfair and deceptive acts or practices under Fla. Stat. § 501.204.

84. PAT'S unfair and deceptive acts or practices have caused substantial irreparable harm and damage to Plaintiff.

85. Plaintiff lacks an adequate remedy at law to cure the past, present and future harm and damage being caused by PAT'S unfair and deceptive acts or practices.

### COUNT V - MISLEADING ADVERTISING

86. UCF BOT realleges paragraphs 1 through 53, *supra*.

87. This is a claim against PAT'S and PATEL for misleading advertising pursuant to Fla. Stat. § 817.41(1).

88. PAT'S has made misleading statements of material fact regarding the sponsorship, approval or endorsement of PAT'S liquor business by the University of Central Florida, which statements have deceived, and are likely to deceive, persons making purchasing decisions.

89. PAT'S knew or should have known the falsity or misleading nature of its statements as to the sponsorship, approval or endorsement of PAT'S liquor business by the University of Central Florida.

90. PAT'S false and misleading statements were designed and intended to deceive consumers as to the sponsorship, approval or endorsement of PAT'S liquor business by the University of Central Florida.

91. PAT'S false and misleading statements were intended to induce, have already induced, and will continue to induce, consumers to choose and purchase PAT'S goods and services.

92. Consumers justifiably rely upon PAT'S false and misleading statements when making their purchasing decisions.

93. PAT'S false and misleading statements were willful, malicious and fraudulent.

94. PAT'S false and misleading statements have caused Plaintiff substantial injury, including irreparable harm to its reputation and good will.

95. PAT'S false and misleading statements have caused injury to Plaintiff, and Plaintiff is entitled to recover damages from PAT'S adequate to compensate Plaintiff for the damages suffered.

96. As a direct and proximate consequence of PAT'S actions, Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages in an amount to be determined at trial, plus attorneys' fees, costs and pre-judgment interest.

97. Defendant PATEL actively and knowingly participated in or otherwise directed the wrongful conduct of PAT'S at issue in this case.

98. Defendant PATEL had actual knowledge of the wrongful conduct of PAT'S employees, agents and representatives.

99. Defendant PATEL knowingly encouraged, condoned, ratified, or consented to the wrongful conduct of PAT'S employees, agents and representatives.

100. Defendant PATEL engaged in conduct that constituted intentional misconduct or gross negligence which contributed to the damages suffered by Plaintiff.

101. Pursuant to Fla. Stat. § 817.41(6), Plaintiff is entitled to recover punitive damages from Defendants PATEL and PAT'S, jointly and severally, in the amount to be determined by the jury at trial.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to render a Final Judgment in favor of Plaintiff and against PAT'S and PATEL awarding the following relief:

A. Declaring that PATEL's wrongful use of PAT'S corporate form warrants the piercing of PAT'S corporate veil and holding PATEL personally liable, jointly and severally, for all relief and amounts adjudged against PAT'S in this action;

B. Pursuant to 15 U.S.C. § 1125(c)(1), preliminarily and permanently enjoining PAT'S and PATEL from engaging in further dilution by blurring or tarnishment of the UCF Marks (or any colorable imitations thereof);

C. Ordering PAT'S and PATEL to transfer to UCF BOT ownership of the domain name www.ucfliquorstore.com;

D.  Ordering PAT'S and PATEL to immediately take down and discontinue any and all uses of the domain name, www.facebook.com/patsliquorucf

E.  Ordering PAT'S and PATEL to provide an accounting of all revenues received as a result from PAT'S use of the UCF Marks;

F.  Ordering PAT'S and PATEL to provide corrective advertising to all past, current and future customers disclosing the lack of sponsorship, approval or endorsement of PAT'S goods and services by the University of Central Florida;

G.  Ordering PAT'S and PATEL to disgorge to UCF BOT all of PAT'S ill-gotten gains;

H.  Awarding Plaintiff damages in an amount to be determined at trial, including without limitation treble damages pursuant to 15 U.S.C. § 1117(a);

I.  Awarding Plaintiff punitive damages under Fla. Stat. § 817.41(6) against PAT'S and PATEL, jointly and severally, in an amount to be determined at trial;

J.  Awarding Plaintiff its reasonable attorneys' fees incurred in this case pursuant to 15 U.S.C. § 1117(a);

K.  Awarding Plaintiff its reasonable attorneys' fees incurred in this case pursuant to Fla. Stat. § 501.2105;

L.  Awarding Plaintiff its reasonable attorneys' fees incurred in this case pursuant to Fla. Stat. § 817.41(6);

M.  Awarding Plaintiff its litigations costs as permitted by law;

N.  Awarding Plaintiff pre-judgment interest as permitted by law;

O.  Awarding Plaintiff post-judgment interest as permitted by law; and

P.  Awarding Plaintiff all other just and proper relief.

## V.  DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 18th day of March, 2013.

_____

RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (32802-3068)
Orlando, Florida  32801
(407) 843-8880  Telephone
(407) 244-5690  Facsimile

*Lead Counsel for Plaintiff, University of Central Florida Board of Trustees*